CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
FEB 1 9 2008
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIS E. DUPREE, ) | |
| Plaintiff, ) | Civil Action No. 7:08-cv-00066 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| DEPARTMENT OF DEFENSE, et al., ) | By: Hon. Jackson L. Kiser |
| Defendants. ) | Senior United States District Judge |

Plaintiff Willis E. Dupree, Virginia inmate number 178701, filed the instant complaint, which has been docketed as a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) with jurisdiction vested pursuant to 28 U.S.C. §1331.[1] Plaintiff, an inmate at Keen Mountain Correctional Center in Oakwood, Virginia, alleges that the Department of Defense and the Department of the Army violated his constitutional rights in 1970.[2] Plaintiff seeks the following damages: "$100.00 per day for the last 35 years:

---

[1] Plaintiff's complaint, seeking damages, is styled as a request pursuant to the Freedom of Information Act. A district court is not constrained by a petitioner's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981), cert. denied, 455 U.S. 911 (1982).

[2] Plaintiff states that, upon his 18th birthday, he "requested to go to Vietnam," where he witnessed and participated in cruel and grisly events. Eventually, he was wounded, the Army "patched [him] up," and he was "returned to [his] unit." Plaintiff's mother died on April 17, 1970, but he was not informed of it for four months, whereupon he was sent to the States on leave. He states that he "went to find out what had happened and why [he] hadn't been notified of [his] mother's death" sooner. After speaking with "the Inspector general at Fort Ruker, Ala.," he "returned home for a few days." He continues:

> From this point, I didn't remeber [sic] how, But [sic] I ended up in a motel in Daytona Beach, Florida. The door being kicked in by civilian authorities, i [sic] guess I passed out or something. The next thing I remembered I woke up in a cage on a [sic] Airforce [sic] Base. It had to be McCoy Airforce [sic] Base, to the best of my Knowledge, it was the closet [sic] one by. Up to this point I know there's something wrong with me. Because I,m [sic] in and out of consciousness, I remembered being questioned about my unit, my name, and all shorts [sic] of stuff over and over.
>
> When I finally came to reality, I was in a military Hospital at Fort Stewart, Ga. and had been there since the 9th of October 1970.

(continued...)

$1,247,500.00"; "$500.00 per day from October 28, 1970 thru November 30, 1970: $16,000.00"; "$1,000,000.00 times 9 days with Malaria without treatment and being by [sic] Air Force: $9,000,000.00. (Malicious Interrogation)." After a thorough review of plaintiff's complaint and the documents he has submitted in support thereof, I am convinced that the complaint is frivolous and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[3]

Pursuant to 28 U.S.C. § 1915A(b)(1), the court must dismiss a complaint as soon as practicable if the court determines that the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." A complaint may be dismissed as frivolous if it "lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law or fact if it contains factual allegations that are "fantastic or delusional" or if it is based on legal theories that are indisputably meritless. Id. at 327-28. Under this standard of frivolity, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Having reviewed the instant complaint, the court concludes that plaintiff's allegations are clearly delusional. Therefore, the complaint will be dismissed as frivolous pursuant to

---

[2](...continued)
Plaintiff states that he was held in the military hospital until November 30, 1970, and then he was subjected to a court-martial proceeding, where documents were taken from him and never returned. Subsequently, he was "forced to live in the basement of Fort Benning, Ga. and subjected to cruel and unusual punishment...."
    As the court has observed, plaintiff is now incarcerated in a Virginia correctional facility. Virginia court records, available online, indicate that he is incarcerated subsequent to guilty pleas entered in the Loudon County Circuit Court in Leesburg, Virginia, in 1990.

[3] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

2

§ 1915A(b)(1).[4]

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff.

**ENTER**: This 19th of February, 2008.

Senior United States District Judge

---

[4] Assuming plaintiff were able to articulate a non-frivolous, non-delusional claim regarding his experiences in the Army, it would likely be deemed several decades out of time.

3